**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 5 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| QIHONG BAO,<br><br>           Petitioner,<br><br>   v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>           Respondent. | No.   16-70107<br><br>Agency No. A200-795-528<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 12, 2019[**]
Pasadena, California

Before:  CALLAHAN, FISHER,[***] and R. NELSON, Circuit Judges.

After overstaying a one-month visitor visa, Qihong Bao filed for asylum,

withholding from removal, and protection under the Convention Against Torture

("CAT"), claiming past persecution and fear of future persecution for resisting

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

China's one-child policy. An immigration judge found Bao not credible and denied all relief. The Board of Immigration Appeals dismissed his appeal. Bao petitions for our review.

The BIA had jurisdiction under 8 C.F.R. § 1003.1(b)(3), and we have jurisdiction under 8 U.S.C. § 1252(a)(1), (5). The BIA "'relied upon the IJ's opinion as a statement of reasons' but 'did not merely provide a boilerplate opinion,'" so "'we review here the reasons explicitly identified by the BIA, and then examine the reasoning articulated in the IJ's oral decision in support of those reasons.'" *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014) (quoting *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008)). Factual findings, including adverse credibility determinations, are reviewed for substantial evidence. *Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014). "[U]nder the REAL ID Act, IJs must 'provide specific and cogent reasons in support of an adverse credibility determination.'" *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010) (quoting *Malkandi v. Holder*, 576 F.3d 906, 917 (9th Cir. 2009)). We may only reverse a credibility determination "when 'any reasonable adjudicator would be compelled to conclude to the contrary' based on the evidence in the record." *Zhi*, 751 F.3d at 1091 (quoting 8 U.S.C. § 1252(b)(4)(B)). "[O]nly the most extraordinary circumstances will justify overturning" the BIA's decision. *Shrestha*, 590 F.3d at 1041 (quoting *Jibril v. Gonzales*, 423 F.3d 1129, 1138 n.1 (9th Cir. 2005)).

The BIA found no clear error in the IJ's findings that Bao's story was implausible and his testimony was embellished and inconsistent with his asylum application. The IJ provided specific and cogent reasons for discrediting Bao's testimony. The IJ found that Bao did not provide a plausible explanation for why, after Chinese officials threatened his wife with a compulsory abortion and visited their home twice, Bao did not rush to move her to the safety of a relative's home. *See Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011) ("If the IJ reasonably rejects the alien's explanation or if the alien fails to provide a plausible explanation, the IJ may properly rely on the inconsistency as support for an adverse credibility determination." (citation omitted)). The IJ also found that Bao embellished parts of his claim, such as the severity of an alleged beating, and added new facts, such as that his wife vomited in front of officials, prompting an investigation into her pregnancy. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011) (denying petition for review where testimony portrayed "a much different—and more compelling—story of persecution than [the] initial application"). Bao did not offer a reasonable explanation for the differences between his asylum application and his testimony.

We cannot say that any reasonable adjudicator would be compelled to find Bao credible, and because he was the sole witness, his asylum and withholding claims depended on his credible testimony. The adverse credibility determination

and denial of Bao's application of asylum and withholding of removal are supported by substantial evidence. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

While an adverse credibility determination does not alone defeat a CAT claim, the remainder of the evidence must "compel[] the conclusion that [Bao] is more likely than not to be tortured." *Shrestha*, 590 F.3d at 1049 (quoting *Almaghzar v. Gonzales*, 457 F.3d 915, 922–23 (9th Cir. 2006)). Bao's other evidence—a State Department report, a letter from his wife, her abortion certificate, and some identification documents—does not compel a conclusion that he is likelier than not to be tortured. The BIA's denial of Bao's application for CAT protection is supported by substantial evidence.

The petition for review is DENIED.

*Bao v. Barr*; No. 16-70107

R. Nelson, Circuit Judge, dissenting.

I would have found that substantial evidence does not support the adverse credibility determination. In this case, there are no inconsistent statements. Instead, we are asked to uphold the adverse credibility finding based on two omissions and a finding of implausibility. Because none of these three findings are supported by substantial evidence, I dissent.

In making its adverse credibility finding, the BIA relied upon two omissions: (1) the details of how family planning officials came to suspect that his wife was pregnant, and (2) the detail of his nose bleeding after he was punched in the face. Neither omission reveals an inconsistency, inaccuracy or falsehood in Bao's statements; indeed, the IJ and BIA characterized these omissions as "embellishments" rather than inconsistencies.

"It is well established that the mere omission of details is insufficient to uphold an adverse credibility finding." *Lai v. Holder*, 773 F.3d 966, 971 (9th Cir. 2014). When additional details are "supplemental rather than contradictory," as they are here, they cannot alone support an adverse credibility determination. *Id.* at 973.

It is true that omissions may support an adverse credibility determination if those omissions "are not 'details,' but new allegations" that suggest fabrication of a

more compelling story. *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185-9. For example, as the majority notes, an IJ can base an adverse credibility finding on testimony that portrays "a much different—and more compelling—story of persecution than [the] initial application." *Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). However, unlike in *Zamanov*, where the "additional incidents *materially altered* Zamanov's account of persecution in a way that cast doubt on his credibility," here, the additional details in Bao's oral testimony neither materially alter his account nor cast doubt on his credibility. *Id.* at 971 (emphasis added).

The BIA attempted to classify the "vomiting incident" as a new and dramatic account; yet, it failed to offer any reason why that detail was "critical" when Bao's written application had concisely stated that family planning officials had suspected his wife was pregnant. Precisely how the officials came to suspect was certainly not a "new allegation" capable of supporting an inference of fabrication. The bloody nose detail is likewise consistent with facts already revealed in his asylum application—that he had been punched in the face—and did little, if anything, to enhance Bao's claim. "[H]is failure to mention [these supplemental details] earlier in the process meant there were omissions, but not substantive inconsistencies" capable of supporting an adverse credibility determination. *Lai*, 773 F.3d at 973.

2

The BIA also relied on the IJ's finding that Bao's inability to take swift action to protect his wife's pregnancy after the family planning officer's visit was "implausible." The REAL ID allows the IJ to make an adverse credibility determination based on the "inherent plausibility" of the applicant's account. 8 U.S.C. § 1158(b)(1)(B)(iii). Bao's story is not inherently implausible. Plausibility cannot be based solely on whether the IJ viewed an applicant's actions as expected under the circumstances. Instead, implausibility must be based on record evidence demonstrating the "inherent" implausibility of the applicant's account. And there is no such record evidence here that would suggest Bao's story is implausible.

This result is consistent with *Yan Xia Zhu v. Mukasey*, where this court found an IJ's adverse credibility finding based on how she believed a rape victim would act under the circumstance, was "mere speculation and conjecture—not a proper basis for an adverse credibility finding." 537 F.3d 1034, 1039 (9th Cir. 2008). It is also consistent with *Singh v. Lynch*, where the IJ found Singh's account of being beaten by Sikh terrorists was implausible because background evidence "show[ed] that armed militants were no longer active, undermin[ing] [his] allegation that such militants recently attacked him." 802 F.3d at 974 (9th Cir. 2015). This court determined that while "an adverse credibility determination cannot be based on complete speculation and conjecture," the implausibility

3

finding in *Singh* could sustain an adverse credibility determination because it was supported by "specific citations to record evidence."  *Id.* at 977.

Here, the IJ failed to identify any record evidence indicating that Bao's testimony was implausible.  Instead she relied upon her own her personal judgement—her speculation and conjecture—as to how a person should act under the circumstances to find his actions implausible.  Consequently, this finding that Bao's actions were implausible with his portrayal of himself cannot serve as substantial evidence for an adverse credibility determination.

Because none of the three stated bases for the adverse credibility determination constitute substantial evidence, I dissent.

4